UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOTTIE MAE STANLEY, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:05-CV-468 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion and amended motion of Lottie Mae Stanley to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. The United States has filed a response, and the issues are fully briefed.

**I. Background**

On September 29, 2003, Stanley pled guilty to one count of bank fraud, in violation of 18 U.S.C. §1344. Contemporaneously with her guilty plea, Stanley signed a Plea Agreement, Guidelines Recommendations and Stipulations (hereinafter "Plea Agreement") in which she waived her right to appeal the sentence, except in the event of an upward departure from the sentencing guideline range. She also agreed to waive her right to seek postconviction relief, except to assert claims of prosecutorial misconduct or ineffective assistance of counsel.

The Plea Agreement also contained recommendations by Stanley and the government regarding application of the Sentencing

Guidelines. However, the Plea Agreement specifically stated that these recommendations were not binding on the Court, and that rejection of the recommendations would not serve as a basis for withdrawal of the guilty plea. The Plea Agreement further stated: "The parties acknowledge that the Court's decision as to the appropriate Guidelines levels and calculations will govern at sentencing and could vary upward or downward from the parties' recommendations stated in this document and that the Court's decision is not subject to appeal." Plea Agreement, p. 9.

In the Plea Agreement, the parties agreed that if Stanley provided substantial assistance, then the government would file a motion for a downward departure. However, it was explicitly stated that:

> The defendant fully understands that the government alone will determine what constitutes substantial assistance and the government alone will determine whether to file a motion for downward departure. The defendant further understands that there will be no downward departure without a motion by the government. The defendant further understands that mere assistance is not enough to warrant a downward departure motion and that such a motion is warranted only for substantial assistance.

Because Stanley could not read or write, defense counsel read and explained the Plea Agreement to her. During the change of plea hearing, the Court reviewed the Plea Agreement with Stanley, and she stated under oath that she understood and agreed to its terms. The Court also informed Stanley that the punishment for bank fraud included a maximum term of thirty years in prison, and that the

Court could depart upward from the Guidelines range. Stanley stated that she understood all of the potential penalties.

Based on the Sentencing Guidelines, Stanley's Criminal History Category was V and her Total Offense Level was 18. Finding that Stanley's criminal history was underrepresented, the Court departed upward, pursuant to U.S.S.G. § 4A1.3. Thus, on March 5, 2004, Stanley was sentenced to a 125-month term of imprisonment, to be followed by a five-year supervised release term, and she was ordered to pay restitution in the sum of $204,909.84.

Stanley appealed the judgment. Shortly thereafter, however, she filed a motion to dismiss the appeal which was granted on May 4, 2004.

## II. Discussion

In the instant motion, Stanley asserts the following grounds for relief:

### A. Fifth Amendment Violation

Stanley's first claim is that she was deprived of her Fifth Amendment privilege against self-incrimination. She alleges that she did not fully understand the consequences of pleading guilty and that she was told that she would receive a sentence that was "much different" than the one that was imposed. Stanley's allegations are belied by her statements under oath at the change of plea hearing and by the Plea Agreement she entered into with the government. Defense counsel read the Plea Agreement to Stanley and explained its

3

terms to her.  Stanley understood that the Court was not bound by the guidelines that were recommended in the Plea Agreement, that the Court could depart upward from the Sentencing Guidelines range, and that she faced a maximum thirty-year sentence of imprisonment. Stanley pled guilty with full understanding of the penalties she faced.  She is not entitled to relief on this ground.

   B. **Prosecutorial Misconduct**

Stanley next alleges that the government reneged on its promise to file a motion for downward departure pursuant to U.S.S.G. § 5K1.1. Although Stanley provided some information to the government, her assistance was not deemed to be substantial.  Stanley understood that there was no guarantee that the government would file a downward departure motion.  Moreover, Stanley has not presented any facts showing that the government's decision not to file the motion was irrational or that the motion was withheld in bad faith.  See United States v. Kelly, 18 F.3d 612, 617-18 (8th Cir. 1998).  There is no support for her claim of prosecutorial misconduct.

   C. **Sixth Amendment Violation**

Stanley's final claim is that she was deprived of her Sixth Amendment right to have a jury determine the facts on which her sentence was based, as required by the ruling in United States v. Booker, 543 U.S. 220 (2005).  The rule announced in Booker does not apply retroactively on collateral review.  United States v. Hernandez, 436 F.3d 851, 855 (8th Cir. 2006); Never Misses A Shot

v. United States, 413 F.3d 781, 783 (8th Cir. 2005). The Booker ruling has no effect on convictions that were final before the case was decided. Stanley's conviction became final on May 4, 2004, well before Booker was decided. Thus, she is not entitled to relief on this claim.

**III. Conclusion**

For the reasons discussed above, Stanley's motions will be denied. The Court finds that Stanley has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

Accordingly,

**IT IS HEREBY ORDERED** that the motion and amended motion of Lottie Mae Stanley to vacate, set aside, or correct sentence [Doc. #1 and #10] are **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of August, 2007.